IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FLEET MANAGEMENT LTD., ET AL. | : | NO. 07-279 |

**ORDER - MEMORANDUM**

**AND NOW,** this 28th day of August, 2007, upon consideration of Defendants' Joint Motion for Rule 15 Depositions and Motion for Taxing of Costs (Docket No. 67), and the Government's response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED** in that Defendants may take the depositions of Rakesh Sharma and Sobanaraj Suresh Vrayan in India pursuant to Federal Rule of Criminal Procedure 15(a); and

2. The Motion is **DENIED** to the extent that Defendants move for the taxation of costs.

Defendants ask for an order permitting them to take the depositions of Engineer Rakesh Sharma and Motorman Sobanaraj Suresh Vrayan in India, and requiring the Government to pay all of their costs and travel expenses associated with the taking of those depositions.  Both Sharma and Vrayan worked in the engine room of the Valparaiso Star (the "Ship") during the period in which the Government contends that the Ship illegally discharged oil-contaminated sludge and bilge waste into the ocean.  Pursuant to an agreement among the Coast Guard, the owner of the Ship and the operator of the Ship, Vrayan, Sharma, and six other crew members remained in Philadelphia for a Government investigation after the Ship left the Philadelphia port in January 2007.  Vrayan and Sharma returned to India at their request in April of 2007, after each advised the Government that he would invoke the

Fifth Amendment privilege against self-incrimination for any Grand Jury testimony, and the Government refused to grant them immunity.[1]

Under Federal Rule of Criminal Procedure 15(a), "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." Id. In determining whether exceptional circumstances exist, the court must consider (1) the materiality of the testimony, and (2) the unavailability of the witness. United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987). The burden of proving such exceptional circumstances falls on the moving party. Id.

"A potential witness is unavailable for purposes of Rule 15(a) . . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial." United States v. Drogoul, 1 F.3d 1546, 1553 (11th Cir. 1993). Here, Defendants contend that Sharma and Vrayan are unavailable, because both are in India and their respective counsel have written letters stating that their clients are not willing to travel to the United States to testify at trial. The Government argues that these representations are insufficient to establish the witnesses' unavailability and that Defendants should have submitted supporting affidavits. However, "[a] substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial, or even having declared willingness to testify cannot be subpoenaed if he changes his mind." United States v. Ramos, 45 F.3d 1519, 1523 (11th Cir. 1995). Here, it is beyond dispute that Sharma and Vrayan are beyond the subpoena power of the United States, and we accept the representations of counsel that their clients are unwilling to testify at trial.

---

[1] Three of the other detained crew members remained in Philadelphia until June of 2007, and we permitted the Government to depose those crew members pursuant to Federal Rule of Criminal Procedure 15(a) prior to their departure from the country.

Accordingly, we find that there is a substantial likelihood that they will not testify at trial and that the two witnesses are therefore unavailable for purposes of Rule 15(a).

We also find the testimony of these two witnesses to be material. The Government represents in its submission to this Court that it intends to introduce trial testimony that Sharma and Vrayan admitted to another crew member that they had pumped oil overboard. Defendants argue that the only witnesses who can directly respond to such testimony are Sharma and Vrayan themselves. Defendants further emphasize that in interviews with the Coast Guard, Sharma and Vrayan both specifically denied that they had discharged oil from the Ship, making their testimony critical to the defense of this case. Under these circumstances, we find that Sharma and Vrayan are material witnesses. Indeed, given that one of the central factual issues in this case will be whether the Ship's occupants illegally discharged oil into the ocean, we can think of no witnesses that are more material than the very individuals who are alleged to have discharged the oil. In light of that conclusion, in conjunction with our prior conclusion that the two witnesses are unavailable, we find that Defendants have met their burden of proving that there are exceptional circumstances that warrant the taking of the Rule 15 depositions of Sharma and Vrayan.

Defendants also request that we order the Government to pay the travel and hotel costs for all of the defense lawyers, the defendants, a court reporter, and a videographer, arguing that the Government's "facilitation" of Sharma and Vrayan's departure from Philadelphia and return to India was the equivalent of deportation, which deprived Defendants of access to material evidence.[2] The

---

[2] Defendants contend that Rule 15 depositions of Sharma and Vrayan could have taken place in Philadelphia had the Government not "deported" them. This contention is curious given that Defendants so strenuously opposed the taking of any Rule 15 depositions in Philadelphia and only went forward with those deposition pursuant to court order.

3

record reflects, however, that the Government merely acceded to the witnesses' requests to return to their home country and in no way deported them. Moreover, as the Government points out, Rule 15(d) only requires the Government to bear the financial burden of a Rule 15 deposition that has been requested by a defendant if the defendant is "unable to bear the deposition expenses." Fed. R. Crim. P. 15(d). Here, Defendants have not even argued that they are unable to bear the deposition expenses. Accordingly, we deny Defendants' request that the Government be ordered to pay the costs and travel expenses arising out of the depositions of Sharma and Vrayan.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.